IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUDY STANKO, ) | |
| ) | |
| Petitioner, ) | 8:06cv329 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| MICHAEL G. HEAVICAN, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for initial review of filing no. 1, the "Petition for the Great Writ of Habeas Corpus," in which the pro se petitioner, Rudy Stanko, seeks a writ of habeas corpus immediately releasing him from confinement. The petitioner is in federal custody at the Douglas County Correctional Center in Douglas County, Nebraska, awaiting sentencing in a pending criminal case: *United States of America v. Rudolph George Stanko,* Case No. 8:05cr93 (D. Neb.). The records of this court indicate that trial in the criminal case resulted in a jury verdict convicting Mr. Stanko of two counts of violating 18 U.S.C. § 922(g)(1).

Liberally construed, the petition requests relief pursuant to 28 U.S.C. § 2241. As the petitioner has filed this habeas corpus action prior to sentencing, he cannot yet move to vacate his sentence pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255 authorizes a motion to vacate, set aside, or correct sentence by a prisoner in custody "under sentence" by a federal court. Similarly, 28 U.S.C. § 2254 affords relief to a petitioner "in custody pursuant to the judgment of a State court."

The petitioner contends that he is entitled to immediate release because, according to his construction of the federal sentencing guidelines, he should be sentenced to no more than time already served. Obviously, his claim relates to his pending criminal case. Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pre-judgment habeas corpus petitions, the petitioner must first exhaust his available remedies. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973). Also, "[a] motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir.2005) (emphasis added; citation omitted).

1

The petitioner's remedy lies in his criminal case. The petition and the above-entitled action will be dismissed without prejudice.

THEREFORE, IT IS ORDERED:

1. That this action and filing no. 1, the "Petition for the Great Writ of Habeas Corpus," filed pursuant to 28 U.S.C. § 2241 by the petitioner, Rudy Stanko, are dismissed without prejudice; and

3. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 1st day of May, 2006.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge